**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

PATRICK CHRISTIAN,           )
                             )
                             )     Civil Action No. 24-cv-02386 (APM)
          Plaintiff,         )     Consolidated with No. 24-cv-02696 (APM)
                             )
     v.                      )
                             )
DISTRICT OF COLUMBIA, _et al._,  )
                             )
          Defendants.        )
_____)

## MEMORANDUM OPINION

This matter is before the court on the Motion to Dismiss ("MTD"), and supporting Memorandum ("MTD Mem."), collectively ECF No. 10, filed by Defendants the District of Columbia and the District of Columbia Public Library ("DCPL"). For the reasons stated below, the court grants Defendants' Motion and dismisses this matter in full.

## BACKGROUND

Patrick Christian, proceeding _pro se_ and _in forma pauperis_ ("IFP"), filed this matter on August 16, 2024. _See generally_ Complaint ("Compl."), ECF No. 1. The Complaint is not a model of clarity. As best understood, Christian alleges that, on August 14, 2024, he received a barring order, prohibiting him from entry at all DCPL locations for one year. _See id._ at 4; Compl. Ex. 1 (Barring Order, Aug. 14, 2024) ("Barring Ord."), ECF No. 1-1. More specifically, he contends that, while visiting Woodridge Library, he told the staff to "stop raping and sexually abusing children in a public library," and that as a result, he was "banned for speaking up for what is right and lawful[.]" Compl. at 4. He asserts that the barring order prohibits him from "computer usage, writing letters, campaigning + checking email," _see id._, which violates his right to "pursuit of

happiness," the Ninth Amendment, and Section 1 of the Fourteenth Amendment, *see id.* at 3. He now seeks to have the "ban removed,"[1] *see id.* at 4, and demands $1,150,000 in damages, *see id*. at 5.

In response to the Complaint, on April 4, 2025, Defendants filed the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* MTD Mem. at 3. On April 7, 2025, the Court issued an Order, ECF No. 11, directing Christian to respond to the Motion to Dismiss by May 7, 2025, and advising him of the risks of failing to comply, *see id.* at 1 (citing *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (per curiam)). On April 16, 2025, Christian filed an Opposition ("Opp'n"), ECF No. 12, in response to which Defendants filed a Reply, ECF No. 15, on April 23, 2025.

Then, on April 29, 2025, Christian filed a Surreply ("SR"), ECF No. 20, without first seeking the Court's leave to do so. Neither the court's Local Rules nor the Federal Rules of Civil Procedure provide the right to file a surreply; indeed, surreplies "are rarely permitted, and only when a party is 'unable to contest matters presented to the court for the first time in the last scheduled pleading." *Stevens v. Sodexo, Inc.*, 846 F. Supp. 2d 119, 130 (D.D.C. 2012) (quoting *Ben–Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003)) (internal quotation marks omitted). However, given Christian's *pro se* status, the court grants him leave to file the Surreply, and it has considered the submissions. *See Brown v Whole Foods Market Group, Inc.*, 789 F.3d 146, 15152 (D.C. Cir. 2015) (per curiam) ("a district court errs in failing to consider a *pro se* litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss").

---

[1] If "events outrun the controversy such that the court can grant no meaningful relief," the relief sought "must be dismissed as moot." *McBryde v. Comm. to Review*, 264 F.3d 52, 55 (D.C. Cir. 2001); *accord Safe Energy Coalition of Michigan v. Nuclear Regulatory Comm'n*, 866 F.2d 1473, 1476 (D.C. Cir. 1989) ("A case is rendered moot when events so unfold as to preclude the possibility of meaningful relief."). Because the barring order expired on August 14, 2025, Christian's demand to enjoin the barring order is moot. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (Prospective injunctive relief must be based on "injury or threat of injury" that is "[both] real and immediate, not conjectural or hypothetical.").

**LEGAL STANDARD**

**Failure to State a Claim**

A plaintiff need only provide a short and plain statement of his claim showing that he is entitled to relief, Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (per curiam) (citation omitted), *cert. denied*, 568 U.S. 1088 (2013); *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (same). However, "the court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Id.* Nor must the court accept "a legal conclusion couched as a factual allegation," or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim. *Id.* Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson*, 551 U.S. at 94 (internal quotation marks and citation omitted), it still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" *Atherton v. Dist. of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79).

3

In ruling upon a motion to dismiss for failure to state a claim, a court may consider the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which a court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

**<u>Frivolous Claims</u>**

A claim that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a court shall dismiss such claim "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) (per curiam). The Supreme Court has "repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974); *see* 28 U.S.C. § 1915(e)(2)(B)(i) (mandating dismissal of frivolous claims brought by IFP plaintiffs).

<strong><u>DISCUSSION</u></strong>

Defendants argue that Christian "fails to state a plausible claim for relief under any of his claims[.]" MTD Mem. at 2. The court agrees, addressing the claims below *seriatim*.

**<u>Claims Against DCPL</u>**

As discussed by Defendants, *see* MTA Mem. at 9–10, DCPL "is a noncorporate department or body within the District of Columbia and is not suable as a separate entity," *Aleotti v. Baars*, 896 F. Supp. 1, 6 (D.D.C. 1995) (citing *Fields v. D.C. Dep't of Corrections*, 789 F. Supp. 20, 22 (D.D.C. 1992)), *aff'd*, 107 F.3d 922 (D.C. Cir. 1996) (per curiam). Because DCPL is *non sui*

*juris*, the Court dismisses it as a defendant to this case. *See Armstrong v. D.C. Pub. Libr.*, 154 F. Supp. 2d 67, 71 (D.D.C. 2001) (dismissing claims against DCPL because it is *non sui juris*).

### *Monell* **Claims against the District**

Under 42 U.S.C. § 1983, a private cause of action may exist against a municipality or individual that, under color of state law, deprives an individual of a federal constitutional or statutory right. *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691–94 (1978); *Warren v. Dist. of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004). A municipality may be held liable under § 1983 only "where the municipality itself causes the constitutional violation at issue," because municipalities cannot be held responsible for the acts of its employees via respondeat superior liability. *See Monell*, 436 U.S. at 694–95; *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (same).

To state a claim for municipal liability under § 1983, a plaintiff must allege (1) a predicate constitutional violation, and (2) that a custom or policy of the municipality caused that violation. *See Baker v. Dist. of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003).

### A.     **First Prong, Predicate Constitutional Violation**

#### 1.     *Pursuit of Happiness*

First, Christian alleges that the District violated his right to pursue happiness. *See* Compl. at 3. The concept of the "pursuit of happiness" is "derived from the Declaration of Independence[,]" which "does not grant rights that may be pursued through the judicial system." *Morris v. Off. of Person. Mgmt.*, No. 20-0016, 2021 WL 2188143, at *2 (D.D.C. May 28, 2021) (citing cases). Accordingly, Christian's pursuit of happiness cannot be raised as a predicate constitutional violation.

5

### 2.    *Ninth Amendment*

Second, Christian alleges that the District violated the Ninth Amendment.  *See* Compl. at 3.  The Ninth Amendment establishes that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  U.S. Const. amend. IX.  But this claim is facially invalid because the Ninth Amendment "is a rule of construction, not a substantive basis for a civil rights claim."  *Rynn v. Jaffe*, 457 F. Supp. 2d 22, 26 (D.D.C. 2006) (explaining that a plaintiff cannot "cite the Ninth Amendment of the U.S. Constitution to support a § 1983 action"); *see also McDonald v. City of Chicago*, 561 U.S. 742, 851 n.20 (Thomas, J., concurring) (stating that the Ninth Amendment is an "obvious example" of a constitutional provision that "[is] not readily construed as protecting rights that belong to individuals"); *Marshall v. Reno*, 915 F. Supp. 426, 428 (D.D.C. 1996) (dismissing Ninth Amendment claim because it "does not set forth any particular guarantees, but is merely a rule of construction").  In other words, Christian cannot "independently assert a cause of action under the Ninth Amendment." *Slaby v. Fairbridge*, 3 F. Supp. 2d 22, 30 (D.D.C. 1998); *Robinson v. Pilgram*, No. 20-cv-2965, 2021 WL 5987016, at *8 (D.D.C. Dec. 17, 2021) (same), *aff'd*, No. 22-5001, 2022 WL 3009621 (D.C. Cir. Jul. 28, 2022) (per curiam); *see Jean-Baptiste v. U.S. Dep't of Justice*, No. 23-cv-02298, 2023 WL 8600569, at *2 (D.D.C. Dec. 12, 2023) (holding that there is no private cause of action "to enforce the Ninth Amendment") (citing *Bond v. United States*, 564 U.S. 211, 218 (2011)).  Accordingly, the Ninth Amendment does not afford a cognizable predicate constitutional violation in this action.

### 3.    *Fourteenth and Fifth Amendments*

Third, Christian alleges that the District violated the Fourteenth Amendment, Section 1, *see* Compl. at 3.  Section 1 of the Fourteenth Amendment provides that "[n]o State shall make or

enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 365 (2001) (quoting U.S. Const. amend. XIV § 1).

As discussed by Defendants, *see* MTD Mem. at 4 n.2, neither the District nor its officials may be held liable under the Fourteenth Amendment because the District of Columbia is not a State. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954); *Propert v. Dist. of Columbia*, 948 F.2d 1327, 1330 n.5 (D.C. Cir. 1991); *Robinson v. Dist. of Columbia*, 200 F. Supp. 3d 104, 107 (D.D.C. 2016), *aff'd*, 686 Fed. Appx. 1 (D.C. Cir. 2017) (per curiam). Because the protections of the *Fifth Amendment* instead extend to the District of Columbia, the Court will construe Christian's Fourteenth Amendment claims thereunder. *See Bolling*, 347 U.S. at 498–99.

While Christian is not obligated to prove a prima facie case at this stage, he must at least set forth enough information to provide notice of the nature and grounds of his intended claims. The Complaint does not identify which of his Fifth Amendment rights were allegedly violated, and as discussed, his bare assertions are "not entitled to be assumed true," *Iqbal*, 556 U.S. at 682. Given this lack of clarity, the Court finds that the Complaint fails outright "to articulate adequately the deprivation of a protected right" under the Fifth Amendment. *See Melton v. Dist. of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015), *aff'd*, 2015 WL 9012019 (D.C. Cir. Oct. 30, 2015) (per curiam).

Christian later references his right to equal protection in his briefing, *see* Opp'n at 1–2, and potentially, his right to due process, *see id.* at 4. Even quite generously supposing that Christian hinted at equal protection or due process violations in his Complaint, he has still failed to state a predicate constitutional violation for either type of infringement.

7

If Christian is raising a due process claim, it is unclear if any such violation was procedural or substantive. Procedural due process requires 'the opportunity to be heard at a meaningful time and in a meaningful manner' when an individual is deprived of liberty or property interests." *Robinson v. WMATA*, 167 F. Supp. 3d 118, 130 (D.D.C. 2016) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)); *see Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 538 (D.C. Cir. 2015) ("A procedural due process violation occurs when an official deprives an individual of a liberty or property interest without providing appropriate procedural protections.") (quoting *Atherton*, 567 F.3d at 689).

Courts have held that access to a public library is a protected right. *See Armstrong*, 154 F. Supp. 2d at 75 (collecting cases); *Miller v. NW Region Libr. Bd.*, 348 F. Supp. 2d 563, 570 (M.D.N.C. 2004) (same) (citing *Kreimer v. Bureau of Police for the Town of Morristown*, 958 F.2d 1242, 1242 (3rd Cir. 1992); *Neinast v. Bd. of Trustees of the Columbus Metro. Libra*ry, 346 F.3d 585, 591 (6th Cir. 2003); *Armstrong*, 154 F. Supp. 2d at 75); *see also Wayfield v. Town of Tisbury*, 925 F. Supp. 880, 885 (D. Mass. 1996) (holding that suspension of "library privileges is an occurrence important enough to warrant due process protection"); *Nappi v. Timberline Reg. Libr.*, No. C14–5945, 2015 WL 3936308, at *3 (W.D. Wash. June 26, 2015) ("Arguably, the suspension of library privileges involves a cognizable liberty interest"); *Doyle v. Clark County Pub. Library*, No. C-3-07-0003, 2007 WL 2407051, at *5 (S.D. Ohio Aug. 20, 2007) (same); *Grant-Davis v. Bd. of Trustees of Charleston County Pub. Libr.*, No. 15-cv-2676, 2017 WL 9360875, at * 24 (D.S.C. May 24, 2017) (recognizing liberty interest but noting "that it is not absolute–it can be lost for engaging in conduct inconsistent with the purpose of public libraries") (quoting *Doyl*e, 2007 WL 2407051, at *5; *Hunt v. Wise*, No. 8:07-cv-1168, 2009 WL 2163108, at * 6 (M.D. Fla. July 17, 2009) (recognizing restrictions for use of a public library when an individual "acted in a

threatening manner")), *R&R adopted*, 2017 WL 3634070 (D.S.C. Aug. 24, 2017), *aff'd*, 710 Fed. Appx. 134 (4th Cir. 2018) (per curiam).

However, Christian has not identified any process that he was allegedly due, or how the District denied him any such process. "This alone is fatal to his claim." *See Slovinec v. Georgetown Univ.*, 268 F. Supp. 3d 55, 60 (D.D.C. 2017), *aff'd*, No. 17–7122, 2018 WL 1052650 (D.C. Cir. Jan. 26, 2018) (per curiam). Moreover, it appears that the District complied with its obligation to provide procedural due process. Due process is flexible and calls for such procedural protections as the given situation demands. *Mathews*, 424 U.S. at 334. Here, DCPL's barring notice provides clear instructions for appealing the decision—by submitting a written request for administrative review to the mailing address or email address provided. *See* Barring Ord. at 1; *see also* 19 DCMR § 810.4 (memorializing same). Indeed, Christian admits that he was aware of his right to review but chose "not [to] appeal the ban within the Library System in accordance to DCPL Policy[,]" because "in all of these years he has been conspired against, everyone cooperates with the people, and he felt he would not get anywhere[.]" *See* SR 1. This assertion is purely speculative and does not support a violation of his due process rights. *See Bigelow v. Lindsay*, No. 84–3302, 1986 WL 15274, at *5 (D.D.C. Jul. 30, 1986) (dismissing due process claim where the plaintiff "did not seek review of the Housing Board's decision . . . and ha[d] not advanced any allegations . . . to show that the Housing Board's decision was in bad faith or pretextual") (citing *Crosby-Bey v. District of Columbia*, 786 F.2d 1182, 1184 (D.C. Cir. 1986) (per curiam)). Because Christian was afforded the "essential requirement" of due process, "notice and an opportunity to respond[,]" he has failed to state a procedural due process claim. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *see also Slovinec*, 268 F. Supp. 3d at 60–61 (dismissing due process claim and finding that report barring the plaintiff from Georgetown University's

9

campus for "inappropriate" and "disruptive" behavior provided adequate notice of how to contest the decision).

Christian fares no better if his Fifth Amendment claim is construed as alleging a substantive due process violation. "[S]ubstantive due process forbids only 'egregious government misconduct,' involving state officials guilty of 'grave unfairness' so severe that it constitutes either 'a substantial infringement of state law prompted by personal or group animus,' or 'a deliberate flouting of the law that trammels significant personal or property rights[.]'" *Zevallos v. Obama*, 793 F.3d 106, 118 (D.C. Cir. 2015) (quoting *George Wash. Univ. v. District of Columbia*, 318 F.3d 203, 209 (D.C. Cir. 2003); *Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988)).   State officials must have engaged in alleged behavior "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Estate of Phillips v. District of Columbia*, 455 F.3d 397, 403 (D.C. Cir. 2006) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)); *see also Collins v. City of Harker Heights*, 503 U.S. 115, 128 (1992).   The D.C. Circuit has further explained that "the concept of substantive due process, itself oxymoronic, [applies] to actions that in their totality are genuinely drastic . . . [U]nless the victim of government imposition has pushed its local remedies to the hilt, it ordinarily will not be able to show the necessary substantiality." *Tri County Indus., Inc. v. District of Columbia*, 104 F.3d 455, 459 (D.C. Cir. 1997) (internal citation omitted).   Here, the actions alleged in the Complaint simply do not qualify as egregious conduct that "shocks the conscience." *Phillips*, 455 F.3d at 403; *see Psychas v. Dist. Dep't of Transp.*, No. 18-0081, 2019 WL 4644503 at *17–*18 (D.D.C. Sept. 24, 2019) (collecting cases where substantive due process claims have been dismissed for objectively far more serious conduct); *see also Upton v. County of San Bernardino*, No. 23-1691, 2024 WL 5465058, at *3–4 (C.D. Cal. Dec. 23, 2024) (dismissing substantive due process claim because the defendants'

actions in temporarily banning the plaintiff from the public library failed to shock the conscience), *R&R adopted*, 2025 WL 1918881 (C.D. Cal. Jul. 11, 2025); *Doyle*, 2007 WL 2407051, at *4 ("The Supreme Court has never identified a substantive due process right of access to a public library."). Accordingly, the court finds that Christian has failed to set forth a predicate violation of his right to substantive due process. *See Melton*, 85 F. Supp. 3d at 193 ("Events may not have unfolded as Plaintiff wished, but his dissatisfaction . . . do[es] not form a basis for a due process violation.").

Finally, insofar as Christian has alleged an equal protection violation, he has also failed to state a claim. The District is required to 'treat similarly situated persons alike . . . by virtue of the Fifth Amendment's guarantee of due process of law.'" *Robinson*, 200 F. Supp. 3d at 107 n.3 (quoting *Women Prisoners of D.C. Dep't of Corr. v. Dist. of Columbia*, 93 F.3d 910, 924 (D.C. Cir. 1996)); *see Bolling*, 347 U.S. at 498–500 (same). Christian must allege facts showing that he "was subject to differential treatment because of membership in a protected class," or that "he was arbitrarily and intentionally treated differently from others who are similarly situated—and the government has no rational basis for the disparity." *Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 158 (D.D.C. 2014) (emphasis in original) (internal citations omitted) (citing *Kelley v. Dist. of Columbia*, 893 F. Supp. 2d 115, 122 (D.D.C. 2012); *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564–565 (2000) (per curiam)).

Again, the Complaint does not plausibly state an equal protection claim. In his Opposition, Christian implies that he was denied equal protection "for being a heterosexual in a homosexual City[.]" *See* Opp'n at 1. But Christian does not present any facts or context from which discrimination, based on his sexual orientation or otherwise, may be discerned, apart from this singular ambiguous generalization. *See Atherton*, 567 F.3d at 687–88 (finding the *pro se* plaintiff's equal protection claim based on "spare facts and allegations" inadequately pleaded); *Colbert v.*

11

*Metro. Police Dep't, Dist. 5*, 404 Fed. App'x 509, 509 (D.C. Cir. 2010) (per curiam) ("The district court properly dismissed appellant's complaint for failure to state a claim upon which relief could be granted because the complaint failed to allege sufficient facts to support a claim of discrimination."); *Hodge v. U.S. Postal Serv.*, 161 Fed. App'x 19, 19–20 (D.C. Cir. 2005) (per curiam) (affirming dismissal of equal protection claim where the complaint failed to "allege facts indicating . . . that the alleged actions were undertaken on a discriminatory basis or were motivated by discriminatory intent or purpose").

\*        \*        \*

All told, the court finds that Christian has failed to sufficiently allege a single predicate violation of a protected right, so his *Monell* claims against the District fail at the first prong. But even if Christian had sufficiently set forth a predicate constitutional violation, he has failed to sufficiently allege causation by the District, falling short of the second *Monell* prong, as explained below.

### B.    Second Prong, Causation by the Municipality

To satisfy the second prong of a *Monell* claim, a plaintiff must allege that the municipality (1) "explicitly adopted the policy that was the moving force of the constitutional violation"; (2) "knowingly ignore[d] a practice that was consistent enough to constitute custom"; or (3) failed to "respond[ ] to a need . . . in such a manner as to show deliberate indifference to the risk that not addressing the need will result in constitutional violations." *Warren*, 353 F.3d at 39 (citations and internal quotation marks omitted). A plaintiff may also succeed by alleging that an authorized municipal policymaker made a one-time decision that resulted in the alleged constitutional deprivation. *See Singletary v. Dist. of Columbia*, 766 F.3d 66, 73 (D.C. Cir. 2014). Put differently, "municipal liability under § 1983 attaches where—and only where—a deliberate choice to follow

12

a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *see Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985) (requiring a plaintiff to show a course deliberately pursued by the city establishing an affirmative link between the city's policy and the alleged constitutional violation).

Conspicuously absent from the Complaint are *any* factual allegations, let alone *plausible* ones, to support a municipal liability claim under any of these four approaches. Christian does not describe, specify, or even hint at any District policy or practice that caused the alleged predicate constitutional violations, which, standing alone, necessitates dismissal of his § 1983 claims. *See Collington v. Dist. of Columbia*, 828 F. Supp. 2d 210, 215 (D.D.C. 2011) (dismissing *Monell* claims and explaining that if "the complaint sets forth no factual allegations regarding the existence and enforcement of a municipal policy, custom or practice that directly caused" the underlying constitutional violation," that "pleading defect is fatal," "[r]egardless of the circumstances" of the underlying constitutional violation); *see also Frost v. Catholic Univ. of America*, 960 F. Supp. 2d 226, 233 (D.D.C. 2013) (dismissing *Monell* claim where the plaintiff was banned from the law library but failed to allege "a specific policy that infringed on the plaintiff's rights or that administrators . . . ordered or caused the depravation of Frost's rights"), *aff'd*, 555 Fed. Appx. 6 (D.C. Cir. 2014) (per curiam); *Prince v. Dist. of Columbia*, No. 22-746, 2022 WL 17415058, at *3 (D.D.C. Dec. 5, 2022) (dismissing *Monell* claims against the District where the plaintiff was ejected from a public library without notice or explanation because the complaint only set forth sparse allegations of a policy or custom), *aff'd*, No. 22-7165, 2023 WL 6938135, (D.C. Cir. Oct. 19, 2023) (per curiam).

The court notes that Christian, with increasing paranoia in each successive submission, alleges that DCPL staff bear a "malicious motive" because they have "something to hide," *see* Opp'n at 1, 3; SR at 1; Compl. at 4–5, namely, their purported conspiracy to erase "surveillance footage," and to conceal the "crime of people being raped and sexually assaulted in Public Libraries," either by them, or by others under their watch, evidenced by their history of "frequently say[ing] and do[ing] inappropriate things in front of children and allow[ing] patrons to do the same," *see* Compl. at 4; Opp'n at 3, 5; SR at 1–2.   To the extent that Christian alleges that his "ban was a direct cause of DCPL Staffs' conscious decision" to execute this alleged nefarious scheme, *see* SR at 1; Compl. at 4, the court finds any such contention meritless and nothing more than a "bizarre conspiracy theory" concerning "fantastic government manipulations[,]" *see Best v. Kelly*, 39 F.3d 328, 330–31 (D.C. Cir. 1994); *see also Martin v. Malhoyt*, 830 F.2d 237, 258 (D.C. Cir. 1987) ("[U]nsupported factual allegations which fail to specify in detail the factual basis necessary to enable [defendants] to intelligently prepare their defense, will not suffice to sustain a claim of governmental conspiracy to deprive [plaintiffs] of their constitutional rights.") (citations omitted); *Christmann v. Dist. of Columbia*, No. 22-2189, 2024 WL 216726, at *4–5 (D.D.C. Jan. 20, 2024) (dismissing § 1983 claims against the District and its officials where the plaintiff's submissions contained "sweeping allegations" about the defendants' alleged "deceitful" actions to conceal abuse of process that "spiral[ed] into wholly unsupported allegations and conclusions about the catastrophic consequences of defendants' conduct").   Put differently, these frivolous allegations do not support a municipal custom or policy, assuming that was Christian's intention.

Accordingly, the Court finds that Christian has not only failed to sufficiently state a predicate constitutional violation, but he fallen equally short in clearing the second hurdle to plausibly allege causation by the District.

## CONCLUSION

For all of the stated reasons, the Court grants Defendants' Motion to Dismiss, ECF No. 10. The court dismisses the complaint and this action.   A final, appealable order accompanies this Memorandum Opinion.


DATE: March 9, 2026


_____/s/_____
AMIT P. MEHTA
United States District Judge